IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERRI ENTERPRISES, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:17-310 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| JOHN E. FERRI, *Individually and in his capacity as trustee of the Carole E. Ferri Family Trust*, THE CAROLE E. FERRI FAMILY TRUST, MEGAN E. FERRI, EMILY M. FERRI, NATHAN J. FERRI, ANNA K. FERRI, and TOM FERRI, | ) Re: ECF No. 17 |
| | ) |
| Defendants. | ) |

## OPINION

This is a declaratory judgment action filed by Plaintiff Ferri Enterprises, Inc. ("Ferri Enterprises"). Presently before this Court are Rule 12(b)(1) and 12(b)(7) Motions to Dismiss filed by Defendants John E. Ferri, the Carole E. Ferri Family Trust, Megan E. Ferri, Emily M. Ferri, Nathan J. Ferri, Anna K. Ferri and Tom Ferri (collectively, "Defendants"). ECF No. 17. For the following reasons, the Complaint will be dismissed without prejudice.

### I. FACTUAL BACKGROUND

In its Complaint, Ferri Enterprises, Inc. makes the following allegations. Ferri Enterprises was incorporated in Delaware via a Certificate of Incorporation on May 29, 2003. ECF No. 1 ¶ 14. In the Certificate of Incorporation, Ferri Enterprises was authorized to issue 1500 shares of capital stock. Id. ¶ 15. On October 1, 2003, the Incorporator of Ferri Enterprises adopted and executed a Unanimous Consent in Lieu of Organization Meeting of Incorporators ("the First Unanimous Consent"). Id. ¶ 16. The First Unanimous Consent designated John E. Ferri, Daniel Ferri, Carole E. Ferri and William T. Ferri as the Board of Directors for Ferri

Enterprises. Id. ¶ 17. The First Unanimous Consent further authorized the Ferri Enterprises Board of Directors to issue capital stock to the full amount authorized in the Certificate of Incorporation. Id. ¶ 18.

Also on October 1, 2003, the Ferri Enterprises Board of Directors adopted a Second Unanimous Consent. Id. ¶ 19. The Second Unanimous Consent confirmed the Board's appointment of John E. Ferri as President of Ferri Enterprises. Id. ¶ 21. Further, the Second Unanimous Consent stated that the Board approved the issuance of 1000 shares of capital stock to Carole Ferri, William Ferri, Daniel Ferri, Annie Ferri, John Ferri and Tom Ferri in specified amounts. Id. ¶ 23. These shares were distributed by stock certificates dated October 1, 2003, signed by John E. Ferri and accepted by each respective stockholder. Id. ¶ 32. The stock certificates stated:

> The sale, transfer, pledge, assignment, gift, encumbrance or other disposition of the shares of stock represented by the certificate is restricted by and subject to the terms of an Agreement among the Shareholders of the corporation and the corporation dated October 1, 2003, as amended. By acceptance of this certificate the holder hereof agrees to be bound by the terms of said Agreement.

Id. ¶ 34.

The October 1, 2003, agreement referenced in the stock certificates ("the Shareholders' Agreement") was entered into by Ferri Enterprises, Carole E. Ferri, William Ferri, Daniel Ferry, Annie Ferri, John E. Ferri and Tom Ferri. Id. ¶¶ 35-36. On September 8, 2004, at the initial annual meeting, the Board of Directors unanimously ratified all acts of the officers and the Board of Ferri Enterprises for the fiscal year of October 1, 2003, to September 30, 2004, including the terms of the stock certificates issued. Id. ¶ 52.

As a result of gifts and bequests, the original 1000 shares of capital stock in Ferri Enterprises is currently owned by John E. Ferri, Megan E. Ferri, Emily M. Ferri, Nathan J. Ferri,

2

Anna K. Ferri, the Carole E. Ferri Family Trust (of which John E. Ferri is sole trustee), William Ferry, Daniel Ferry, Adam Ferri, Andrew Ferri, Sarah Katherine Ferri, Annie Ferri and Tom Ferri. Id. ¶¶ 37, 55-58, 60-62. No other shares of capital stock have been issued. Id. ¶ 66.

On September 30, 2016, Ferri Enterprises and a majority of capital stockholders entered into an amended Shareholders' Agreement. Id. ¶ 68.

Defendants have stated and declared that their shares of capital stock are not subject to the terms and restrictions of the amended Shareholders' Agreement. Id. ¶ 70. Ferri Enterprises and all other shareholders, who collectively control the majority of shares, assert that the amended Shareholders' Agreement is binding on all capital stock in Ferri Enterprises. Id. ¶ 72.

## II. PROCEDURAL HISTORY

Ferri Enterprises filed the Complaint on November 14, 2017. ECF No. 1. Therein, it seeks a declaratory judgment that all 1500 shares of authorized Ferri Enterprises capital stock are bound by the amended Shareholders' Agreement.

Defendants filed the instant Motions to Dismiss and a Brief in support on January 9, 2018. ECF No. 17-18. Ferri Enterprises filed a Brief in Opposition on February 7, 2018. ECF No. 23. Defendants filed a Reply Brief on February 12, 2018. ECF No. 24. Ferri Enterprises filed a Sur-Reply on February 20, 2018. ECF No. 27.

The Motions to Dismiss are now ripe for consideration.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). "A motion to dismiss for want of standing is . . .

3

properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).

In evaluating a challenge to subject matter jurisdiction under Rule 12(b)(1), a court first must determine whether the movant presents a facial or a factual attack. See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" Id. (citation omitted). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction.'" Id. (citation omitted). Here, Defendants raise a facial challenge to jurisdiction.

In reviewing a facial challenge under Rule 12(b)(1), a court applies the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6). Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014). Specifically, the well-pleaded facts are accepted as true, but legal conclusions may be disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

### B. Rule 12(b)(7)

A party may move to dismiss a case for failure to join a party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7). In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009). A court making a Rule 19 determination may consider evidence outside the pleadings. Id. The moving party bears the burden of showing that a nonparty is both necessary and indispensable. Id.

4

## IV. DISCUSSION

Defendants present multiple bases for their Motions to Dismiss. Because the Court finds the Rule 12(b)(1) Motion to Dismiss on the basis of lack of standing to be dispositive, the remaining bases need not be addressed.

Defendants argue that Ferri Enterprises has failed to establish standing to sue because it has failed to allege an injury-in-fact. ECF No. 18 at 7-9.

The United States Court of Appeals for the Third Circuit has explained:

> Article III limits our jurisdiction to actual "cases or controversies." U.S. Const. art. III, § 2. One element of this "bedrock requirement" is that plaintiffs "must establish that they have standing to sue." Raines v. Byrd, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997). It is the plaintiffs' burden, at the pleading stage, to establish standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003). Although "general factual allegations of injury resulting from the defendant's conduct may suffice," Lujan, 504 U.S. at 561, the complaint must still "clearly and specifically set forth facts sufficient to satisfy" Article III. Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990).
>
> "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004). Standing implicates both constitutional and prudential limitations on the jurisdiction of federal courts. See Storino, 322 F.3d at 296. Constitutional standing requires an "injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Danvers Motor Co. v. Ford Motor Co., 432 F.3d 286, 290-291 (3d Cir. 2005) (citing Lujan, 504 U.S. at 560-561). An injury-in-fact "must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is 'distinct and palpable,' as distinguished from merely 'abstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" Whitmore, 495 U.S. at 155 (internal citations omitted).
>
> Allegations of "possible future injury" are not sufficient to satisfy Article III. Whitmore, 495 U.S. at 158; see also Lujan, 504 U.S. at 564 n.2 (stating that allegations of a future harm at some indefinite time cannot be an "actual

5

or imminent injury"). Instead, "[a] threatened injury must be 'certainly impending,'" Whitmore, 495 U.S. at 158 (internal citation omitted), and "proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all," Lujan, 504 U.S. at 564 n.2; Whitmore, 495 U.S. at 158 (explaining that the imminence requirement "ensures that courts do not entertain suits based on speculative or hypothetical harms"). A plaintiff therefore lacks standing if his "injury" stems from an indefinite risk of future harms inflicted by unknown third parties. See Lujan, 504 U.S. at 564.

Reilly v. Ceridian Corp., 664 F.3d 38, 41-42 (3d Cir. 2011).

In opposition to the Motion to Dismiss, Ferri Enterprises asserts that the fact that Defendants "presently deny" the application of the amended Shareholders' Agreement to their stock establishes an "existing dispute" of sufficient immediacy. ECF No. 23 at 7. Ferri Enterprises also alludes to a pending state court action in which Defendants, *inter alia*, seek dissolution of Ferri Enterprises as further evidence of the immediacy of the controversy. Id. at 7-8.

First, the Court notes that Ferri Enterprises did not include any allegations concerning the pending state court action in its Complaint. Further, Ferri Enterprises fails to explain how the state court action for dissolution of the corporation is related to or would be affected by the declaratory relief sought here.

Second, accepting all of the Complaint allegations as true, Ferri Enterprises has alleged an existing theoretical disagreement over the terms of capital stock ownership. However, it has not alleged facts to establish that this disagreement has caused, or will imminently cause, an injury to Ferri Enterprises. As such, Ferri Enterprises lacks standing to sue and this Court is lacks jurisdiction over this case.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss as to Ferri Enterprises' lack of standing will be granted. However, Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend pleadings should be freely given "when justice so requires." Therefore, to the extent that Ferri Enterprises wishes to file an amended complaint to cure the deficiencies discussed herein, it will be granted leave do so within 30 days from the date of this decision.

Accordingly, the Complaint will be dismissed without prejudice at this time. An appropriate Order follows.

## ORDER

AND NOW, this 15th day of March, 2018, IT IS HEREBY ORDERED that Defendants Motion to Dismiss, ECF No. 17, is GRANTED. Ferri Enterprises' Complaint, ECF No. 1, is dismissed without prejudice. To the extent that Ferri Enterprises wishes to file an amended complaint, IT IS ORDERED that it shall do so within 30 days of this date.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF

7