# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERRI ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:17-310 |
| ) | |
| v. ) | RICHARD A. LANZILLO |
| ) | UNITED STATES MAGISTRATE |
| JOHN E. FERRI, *Individually and in his* ) | JUDGE |
| *capacity as trustee of the Carole E. Ferri* ) | |
| *Family Trust*, THE CAROLE E. FERRI ) | |
| FAMILY TRUST, MEGAN E. FERRI, ) | |
| EMILY M. FERRI, NATHAN J. FERRI, ) | |
| ANNA K. FERRI, and TOM FERRI, ) | |
| ) | |
| Defendants. ) | |

## Memorandum Opinion and Order

This is a declaratory judgment action filed by Plaintiff Ferri Enterprises, Inc. ("Ferri Enterprises") against Defendants John E. Ferri, the Carole E. Ferri Family Trust, Megan E. Ferri, Emily M. Ferri, Nathan J. Ferri, Anna K. Ferri and Tom Ferri (collectively, "Defendants"). Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1) and, alternatively, for failure to join a necessary party under Fed. R. Civ. Pro. 12(b)(7) is presently before this Court. ECF No. 34. Because Ferri Enterprises has failed to allege an injury in fact sufficient to support federal subject matter jurisdiction, the Court will grant Defendants' Rule 12(b)(1) Motion to Dismiss.[1]

I. Procedural History

Ferri Enterprises filed a Complaint on November 14, 2017. ECF No. 1. Defendants subsequently filed Motions to Dismiss the Complaint. ECF No. 17. After consideration of the Motions, this Court dismissed the Complaint without prejudice to file an amended complaint,

---

[1] Because this Court finds merit in Defendants' Rule 12(b)(1) motion, it will not reach its alternative argument for dismissal.

finding that Ferri Enterprises lacked standing to bring this action. ECF No. 28.

On April 9, 2018, Ferri Enterprises filed the operative Amended Complaint. ECF No. 29. It seeks a declaratory judgment that all 1500 shares of authorized Ferri Enterprises capital stock are bound by the amended Shareholders' Agreement.

On April 30, 2018, Defendants filed the instant Motions to Dismiss and a brief in support. ECF Nos. 34-35. On May 29, 2018, Ferri Enterprises filed a brief in opposition. ECF No. 42. On June 6, 2018, Defendants filed a reply brief. ECF No. 45. The Motions to Dismiss are now ripe for consideration.

II.     Factual Allegations in the Complaint

In the Amended Complaint, Ferri Enterprises makes the following allegations, which the Court accepts as true for purposes of this motion. *See Developers Surety and Indemnity Co., v. Iron City Constructors, Inc.*, 2018 WL 6267761, at *2 (W.D. Pa. Nov. 30, 2018). Ferri Enterprises was incorporated in Delaware via a Certificate of Incorporation on May 29, 2003. ECF No. 29 ¶ 14. In the Certificate of Incorporation, Ferri Enterprises was authorized to issue 1500 shares of capital stock. *Id.* ¶ 15. On October 1, 2003, the Incorporator of Ferri Enterprises adopted and executed a Unanimous Consent In lieu of Organization Meeting of Incorporators (the "First Unanimous Consent"). *Id.* ¶ 16. The First Unanimous Consent designated John E. Ferri, Daniel Ferri, Carole E. Ferri and William T. Ferri as the Board of Directors for Ferri Enterprises. *Id.* ¶ 17. The First Unanimous Consent further authorized the Ferri Enterprises Board of Directors to issue capital stock to the full amount authorized in the Certificate of Incorporation. *Id.* ¶ 18.

Also, on October 1, 2003, the Ferri Enterprises Board of Directors adopted a Second Unanimous Consent (the "Second Unanimous Consent"). *Id.* ¶ 19. The Second Unanimous

Consent confirmed the Board's appointment of John E. Ferri as President of Ferri Enterprises. *Id.* ¶ 21. Further, the Second Unanimous Consent stated that the Board approved the issuance of 1000 shares of capital stock to Carole Ferri, William Ferri, Daniel Ferri, Annie Ferri, John Ferri and Tom Ferri in specified amounts. *Id.* ¶ 23. These shares were distributed by stock certificates dated October 1, 2003, signed by John E. Ferri and accepted by each respective stockholder. *Id.* ¶ 32. The stock certificates stated:

> The sale, transfer, pledge, assignment, gift, encumbrance or other disposition of the shares of stock represented by the certificate is restricted by and subject to the terms of an Agreement among the Shareholders of the corporation and the corporation dated October 1, 2003, as amended. By acceptance of this certificate the holder hereof agrees to be bound by the terms of said Agreement.

*Id.* ¶ 34.

The October 1, 2003, agreement referenced in the stock certificates ("the Shareholders' Agreement") was entered into by Ferri Enterprises, Carole E. Ferri, William Ferri, Daniel Ferri, Annie Ferri, John E. Ferri and Tom Ferri. *Id.* ¶¶ 35-36. On September 8, 2004, at the initial annual meeting, the Board of Directors unanimously ratified all acts of the officers and the Board of Ferri Enterprises for the fiscal year of October 1, 2003, to September 30, 2004, including the terms of the stock certificates issued. *Id.* ¶¶ 50, 52.

As a result of gifts and bequests, the original 1000 shares of capital stock in Ferri Enterprises are currently purportedly owned by John E. Ferri, Megan E. Ferri, Emily M. Ferri, Nathan J. Ferri, Anna K. Ferri, the Carole E. Ferri Family Trust (of which John E. Ferri is sole trustee), William Ferri, Daniel Ferri, Adam Ferri, Andrew Ferri, Sarah Katherine Ferri, Annie Ferri and Tom Ferri. *Id.* ¶¶ 37, 55-57, 59, 60-62. No other shares of capital stock have been issued. *Id.* ¶ 66. Ferri Enterprises asserts that the shares purported to be owned by the Carole E. Ferri Family Trust are actually owned by Ferri Enterprises. *Id.* ¶ 58.

Over the course of several months and/or a year prior to April 2016, the Ferri Enterprises shareholders, including John Ferri, negotiated and agreed upon several amendments to the original Shareholders' Agreement. *Id.* ¶ 70. These amendments were presented to the spouses of married shareholders for their review because certain amendments regarding post-nuptial agreements were added. *Id.* ¶ 71. Following one such period of review by spouses, on September 30, 2016, Ferri Enterprises and a majority of capital stockholders entered into an amended Shareholders' Agreement. *Id.* ¶ 72. As such, Defendants' capital stock in Ferri Enterprises are bound by and subject to the terms of the Shareholders' Agreement as amended. *Id.* ¶ 74. Defendants have stated and declared that their shares of capital stock are not subject to the terms and restrictions of the amended Shareholders' Agreement. *Id.* ¶ 75.

The amended Shareholders' Agreement expressly prohibits a shareholder "to own or to continue to own Ferri Enterprises stock if they enter into a marriage without first entering into a binding prenuptial agreement" regarding their stock. *Id.* ¶ 78 (quoting ECF No. 29-13 at 5). The amended Shareholders' Agreement required shareholders who were already married to obtain and maintain a binding post-nuptial agreement with their spouse regarding their stock interests in Ferri Enterprises. *Id.* ¶ 79 (citing ECF No. 129-13 at 6). The amended Shareholders' Agreement further stated that if a shareholder failed to obtain and maintain a binding pre-nuptial or post-nuptial agreement, the shareholder was obligated to sell their shares to Ferri Enterprises "at the purchase price and on the purchase terms as in the case of a Triggering Event." *Id.* ¶ 80 (quoting ECF No. 129-13 at 7-8). Triggering Events include the termination of a shareholder as a director from the Board for "Just Cause" or if he/she could have been terminated as a director for "Just Cause" at the time of termination. *Id.* ¶ 82 (citing ECF No. 129-13 at 8-10). Upon the

occurrence of a Triggering Event, the mandatory purchase of shares shall occur on terms set forth in the Agreement. *Id.* ¶¶ 84-86.

The Amended Complaint states that Defendants have engaged in acts which have caused and continue to cause the occurrences of Triggering Events. *Id.* ¶ 87. Specifically, on June 14, 2016, John E. Ferri was removed as a director. *Id.* ¶ 88. This removal was or could have been for Just Cause. *Id.* Additionally, John E. Ferri, Tom Ferri and Emily Ferri have failed to obtained the required pre-nuptial or post-nuptial agreements. *Id.* ¶ 89.

Based upon these Triggering Events, Ferri Enterprises seeks to exercise its rights to redeem Defendants' stock under the Shareholders' Agreement. *Id.* ¶ 92. However, Defendants refuse to acknowledge that their stock is subject to the Shareholders' Agreement and that Ferri Enterprises has the right to redeem Defendants' stock. *Id.* ¶ 93. Defendants' refusal harms Ferri Enterprises' ability to obtain financing from lenders. *Id.* ¶ 94.

Defendants have initiated an action now pending in the Court of Common Pleas of Westmoreland County against Ferri Enterprises and the majority Shareholders. *Id.* ¶ 100. In that action, Defendants seek the appointment of a custodian over Ferri Enterprises and the involuntary liquidation of Ferri Enterprises. *Id.* ¶ 101. Defendants have refused to comply with a mandatory arbitration provision of the Shareholders' Agreement, which constitutes another Triggering Event. *Id.* ¶¶ 103-105.

III. Standards of Review

A. Rule 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A motion to dismiss for want of standing is . . .

properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

In evaluating a challenge to subject matter jurisdiction under Rule 12(b)(1), a court first must determine whether the movant presents a facial or a factual attack. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (citation omitted). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction.'" *Id.* (citation omitted). When a party files a motion attacking jurisdiction prior to filing an answer to the Complaint, as the Defendants have done here, the motion is "by definition, a facial attack." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Thus, Defendants raise a facial challenge to jurisdiction.

"In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id*. (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). Thus, the Court applies the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6). *Id*. Specifically, the well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

IV. Discussion

Defendants have offered several reasons why the Amended Complaint should be dismissed. The Court starts with the contention that the Plaintiff lacks standing because it has insufficiently pleaded an injury in fact. "Article III of the Constitution limits the jurisdiction of

federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). A key aspect of this case-or-controversy requirement is standing. *See id*. "The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Aichele*, 757 F.3d at 360 (alterations in original) (quoting *Davis v. FEC,* 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: "(1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Governor of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)), *abrogated on other grounds by Murphy v. Nat'l Collegiate Athletic Ass'n,* 138 S. Ct. 1461 (2018). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

As discussed above, the Court previously dismissed the Plaintiff's Complaint because it did not adequately allege that Ferri Enterprises suffered a concrete, particularized injury. *See* ECF No. 28, at 6. In an effort to cure such deficiency, Plaintiff now alleges that the Defendants' refusal to acknowledge that they are bound by the Shareholder's Agreement has made it difficult to obtain financing for its business needs. ECF No. 29, at ¶ 94. The Amended Complaint alleges that unnamed lenders will not provide financing to Ferri Enterprises because of pending state court litigation initiated by the Defendants. *Id*. Further, Ferri Enterprises avers that an unnamed bank would provide financing to redeem Defendant John Ferri's stock but will not do so because he "refuses to acknowledge that Ferri Enterprises has the right to do so upon the occurrence of a Triggering Event." *Id*. Ferri Enterprises states again, vaguely, at Paragraph 97

7

that "The Defendants' denials additionally and currently impair Ferri Enterprises' ability to obtain loans and financing for its business needs." *Id*. at ¶ 97. Ferri Enterprises also claims that the Defendants' actions have "frustrated" its arbitration rights and prevent it from collecting costs and attorneys' fees in connection with arbitration. *Id*. at ¶ 98, 99.

As the party invoking the judicial power, Ferri Enterprises bears the burden of establishing the elements of standing. *Lujan*, 504 U.S. at 561. As before, it has failed to do so again. The problem Ferri Enterprises had with its initial Complaint has not been abated by the Amended Complaint: the injuries alleged are speculative and hypothetical. *See Reilly v. Ceridian Corp.*, 664 38, 41 (3d Cir. 2011) (holding that a plaintiff must have suffered an injury-in-fact that is . . . not conjectural or hypothetical).

Missing from the Amended Complaint is an allegation that Ferri Enterprises has asked to redeem the Defendants' stock. The lack of such an averment is fatal to the viability of the Amended Complaint. While Ferri Enterprises alleged the occurrence of triggering events under the amended Shareholders' Agreement, it failed to plead that it has exercised the rights authorized by those triggering events or that the Defendants have failed to comply with their alleged obligations under the amended Shareholders' Agreement. Specifically, Ferri Enterprises has failed to plead that it requested or demanded that the Defendants sell their stock and that the Defendants refused. And, as the Defendants point out, Ferri Enterprises merely assumes that they would refuse to redeem their stock, "if given the opportunity." ECF No. 35 at 18. The Court agrees with the Defendants. Nothing in the Amended Complaint indicates that Defendants have refused to sell their shares back to Ferri Enterprises.[2] Without this threshold request and

---

[2] The closest Ferri Enterprises comes is Paragraph 92 of the Amended Complaint wherein it states that "Ferri Enterprises seeks to exercise its exclusive rights to redeem the Defendants' stock." ECF No. 29 at 14, ¶ 92. This averment does not state that they have exercised these rights, only that they seek to do so at some time in the future.

8

Defendants refusal to comply, the Amended Complaint fails to plead a "concrete and particularized" injury and requires this Court to speculate whether the Defendants would indeed refuse to sell their shares. *See, e.g., Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990) ("The complainant must allege an injury to himself that is 'distinct and palpable,' as opposed to merely 'abstract' ....") (citations omitted); *Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n*, 226 F.3d 1226, 1229-30 (11th Cir. 2000) (holding that courts "cannot speculate" concerning the existence of standing, nor should courts "imagine or piece together an injury sufficient to give [a] plaintiff standing").

Ferri Enterprises argues that its inability to obtain financing is an injury. For example, Ferri Enterprises pleads that unidentified lenders will not provide it with additional loans while an action brought against it by the Defendants in state court continues. ECF No. 29, at ¶ 94. This is not an injury for purposes of constitutional standing because this Court has no power or authority to redress it. Among the components of the Article III standing inquiry is the requirement that the injury can be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560. To demonstrate that a claimed injury is redressable, a plaintiff must show that the Court possesses the authority to grant the remedy requested. *See Swann v. Clinton*, 100 F.3d 973, 976 (D.C. Cir. 1996); *accord M.S. v. Brown*, 802 F.3d 1076, 1083 (9th Cir. 2018) (stating that "even where a plaintiff requests relief that would redress the claimed injury, there is no redressability if a federal court lacks the power to issue such relief"). Here, Ferri Enterprises asserts that this Court can redress the claimed financial injury caused by state court litigation by issuing a declaratory judgment in this case. But such an action would not necessarily resolve the litigation

in state court, which is what Ferri Enterprises alleges is causing its injury. Therefore, Ferri Enterprises has failed again to plead sufficient injury.[3]

As further purported injury, Ferri Enterprises pleads that an unnamed bank will provide it with a loan "if the loan is used to redeem the stock of Defendant John Ferri," but that it cannot redeem the stock because John Ferri and the other Defendants "refuse to acknowledge" the applicability of the amended Shareholders' Agreement. ECF No. 29 at ¶ 94. But again, this is not an injury. First, according to the Amended Complaint, the bank has not foreclosed any financial assistance; Ferri Enterprises pleads that the bank will provide financial assistance. *Id*. Second, Ferri Enterprises has not pleaded that it took any affirmative steps to redeem the Defendants' shares. Ferri Enterprises' injury remains hypothetical and speculative unless it has notified Defendants that it is exercising its right to redeem the Defendants' stock under the amended Shareholders' Agreement, and Defendants have refused to sell. Stated differently, Ferri Enterprises' injury does not arise unless and until it issues such notice and the Defendants refuse to comply. Absent allegations to this effect, the Court can only speculate that the Defendants would refuse to sell their shares in response to the demand. The alleged refusal of a financial institution to commit to financing the hypothetical transaction does not cure this pleading deficiency. If the Defendants were to agree to comply with the hypothetical demand, the alleged impediment to financing would not exist and Ferri Enterprises' injury would never arise.

Finally, Ferri Enterprises claims an injury to its arbitration rights in state court in pursuant to the shareholder's agreement, in conjunction with an impairment of its ability to

---

[3] Linked to this perceived injury is Ferri Enterprises' allegation that its ability to recover litigation costs and attorneys' fees incurred in the state court action. Again, this is not a redressable injury. This Court has no jurisdiction to remedy perceived issues concerning attorneys' fees and costs generated by litigation in state courts.

obtain business financing. ECF No. 29, at ¶¶ 104-07. Defendants argue that Ferri Enterprises waived its right to arbitrate in the state court proceedings, and therefore, cannot claim injury to that right in federal court. Again, it comes down to redressability. Whether Ferri Enterprises waived its right to arbitration in the state court case is irrelevant to the question of standing in federal court. This Court can offer no redress for such an injury.

V. Conclusion

Because Ferri Enterprises has not alleged the required injury, it is asking this Court to issue an advisory opinion, which is not permitted. *See, e.g., In re Tribune Media Co.*, 2017 WL 2622743 at *4 (D. Del. June 16, 2017) (refusing to "wade into murky waters" by rending an advisory opinion). For the foregoing reasons, the Defendant's Motion to Dismiss will be GRANTED.

An appropriate Order follows.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated this 21st day of December, 2018.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERRI ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-310 |
| | ) | |
| v. | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE |
| JOHN E. FERRI, *Individually and in his capacity as trustee of the Carole E. Ferri Family Trust*, THE CAROLE E. FERRI FAMILY TRUST, MEGAN E. FERRI, EMILY M. FERRI, NATHAN J. FERRI, ANNA K. FERRI, and TOM FERRI, | ) | JUDGE |
| | ) | |
| | ) | ORDER |
| | ) | |
| Defendants. | ) | |

AND NOW, this 21st day of December, 2018; IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [ECF No. 34] is GRANTED, and this matter is DISMISSED. The Clerk is directed to close this case.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge